## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **TINA BURGS,** | : | |
| | : | |
| *Plaintiff*, | : | **Case No.:** |
| | : | |
| **v.** | : | |
| | : | |
| | : | |
| **LEBANON COUNTY HOUSING AND** | : | **COMPLAINT IN CIVIL ACTION** |
| **REDEVELOPMENT AUTHORITY,** | : | |
| | : | |
| *Defendant.* | : | |

Filed on Behalf of Plaintiff:
Tina Burgs

Counsel of Record for this Party:
**J.P. WARD & ASSOCIATES, LLC**

Joshua P. Ward
Pa. I.D. No. 320347

J.P. Ward & Associates, LLC
The Rubicon Building
201 South Highland Avenue
Suite 201
Pittsburgh, PA 15206

| | |
|---|---|
| Telephone: | (412) 545-3015 |
| Fax No.: | (412) 540-3399 |
| E-mail: | jward@jpward.com |

## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **TINA BURGS,** | **:** | |
| | **:** | |
| *Plaintiff*, | **:** | **Case No.:** |
| | **:** | |
| **v.** | **:** | |
| | **:** | |
| | **:** | |
| **LEBANON COUNTY HOUSING AND** | **:** | |
| **REDEVELOPMENT AUTHORITY,** | **:** | |
| | **:** | |
| *Defendant.* | **:** | |

## COMPLAINT IN CIVIL ACTION

AND NOW, comes Plaintiff, Tina Burgs, by and through the undersigned counsel, J.P. Ward & Associates, LLC and, specifically, Joshua P. Ward, Esquire, who files the within Complaint in Civil Action against Defendant, Lebanon County Housing and Redevelopment Authority, of which the following is a statement:

## PARTIES

1.      Plaintiff, Tina Burgs (hereinafter "Plaintiff"), is an adult individual who currently resides at 3591 Kernan Boulevard, Apartment 116, Jacksonville, Florida 32224.

2.      Defendant, Lebanon County Housing and Redevelopment Authority, (hereinafter "Defendant"), is a business located at 1220 Mifflin Street, Lebanon, Pennsylvania 17046.

## JURISDICTION AND VENUE

3.      Jurisdiction is proper as Plaintiff brings this lawsuit under the Americans with Disabilities Act (hereinafter, the "ADA"), 42 U.S.C. § 12101, *et seq*., and the Pennsylvania Human Relations Act ("PHRA"), 43 Pa. Cons. Stat. § 951 *et seq*.

1

4.      A substantial amount of the events or omissions giving rise to the claims occurred in the Middle District of Pennsylvania, and, therefore, this action is within the jurisdiction of the United States District Court for the Middle District of Pennsylvania and the venue is proper pursuant to 25 U.S.C. § 1391(b).

5.      Plaintiff filed a timely charge with the Equal Employment Opportunity Commission ("EEOC") regarding her allegations and received a Dismissal and Notice of Rights on May 21, 2021. This complaint is now timely filed within 90 days of said notice. A true and correct copy of the Dismissal and Notice of rights is attached hereto, made a part hereof, and marked as Exhibit "A".

## PROCEDURAL HISTORY AND FACTUAL ALLEGATIONS

6.      Plaintiff began her employment with Defendant on or about February 11, 2019, as an assistant property manager.

7.      At all times relevant hereto, Plaintiff has been diagnosed with, and takes medication for, Attention Defect Hyperactivity Disorder ("ADHD"), depression and anxiety.

8.      On or about April of 2019, Defendant was made aware of Plaintiff's ADHD, anxiety, and depression symptoms and her relevant need for medication.

9.      Upon her hiring, part of Plaintiff's duties included training to become a property manager.

10.      Karen Raugh, (hereinafter, Ms. Raugh") Defendant's Chief Operating Officer ("COO") notified Plaintiff that as an assistant property manager, she was to be trained to become a property manager by Patrica Stine (hereinafter, "Ms. Stine.")

11.      Ms. Stine regularly and pervasively harassed Plaintiff on the basis of her disabilities throughout the course of Plaintiff's employment with Defendant.

12.     Shortly following Plaintiff's initiation of employment with Defendant, Plaintiff requested a reasonable accommodation from Ms. Stine in the form of written filing instructions and clarification about how to operate the system. Due to Plaintiff's disabilities, she had great difficulty understanding and retaining instruction which came solely in verbal form.

13.     Ms. Stine explicitly refused and stated, "you're just going to have to keep up and follow me."

14.     On or about June 26, 27, and 28 of 2019, Plaintiff attended a conference in Lancaster, Pennsylvania with Ms. Stine. Throughout the duration of this conference, Ms. Stine demanded that Plaintiff act as her personal assistant. Plaintiff was made to deliver coffee to Ms. Stine, research locations for dinners and outings, and plan Ms. Stine's social activities. Plaintiff thereafter reported this conduct to Ms. Raugh.

15.     Subsequent to this report, Ms. Stine made threats to terminate Plaintiff's employment, in retaliation for the report, made embarrassing comments about Plaintiff's disabilities and even asked Plaintiff if she was "mentally retarded" in front of others at the conference. Ms. Stine was fully aware of Plaintiff's disabilities at the time that this comment was made.

16.     On or about September 2019, Plaintiff tested for the property management state certification, and failed the test. Ms. Stine disclosed to other employees that Plaintiff had failed her test in order to harass Plaintiff.

17.     On or about October of 2019, Ms. Stine publicly embarrassed and harassed Plaintiff. Ms. Stine stated that Plaintiff was a "waste of company time," and further stated that Plaintiff was a "dumba** who should be on disability benefits like the rest of the morons [residents in the building]" For reference, Lebanon County Housing regularly affords housing opportunities

3

to individuals with intellectual disabilities and Ms. Stine's comment created a discriminatory reference between Ms. Burg and said individuals.

18.     On or about January of 2020, Plaintiff again requested a reasonable accommodation, from Ms. Stine, in the form of being allowed to write down steps for "move in" procedure. Plaintiff requested this accommodation so that she would not forget the necessary steps, due to her disabilities. Ms. Stine again denied Plaintiff's request for reasonable accommodation.

19.     On or about March of 2020, Plaintiff's office was raided by an unknown individual. Plaintiff's ADHD medication, logbooks, and passwords disappeared and were stolen from Plaintiff's office.

20.     Plaintiff reported the theft to Ms. Stine, and the human resources office. Upon information and belief, no investigation into the incident was conducted.  Defendant refused to conduct an investigation despite a camera sitting directly outside Plaintiff's office.  Furthermore, none of Plaintiff's belongings were ever returned to her.

21.     On or about March 3, 2020, Plaintiff reported the harassment she endured from Ms. Stine to Ms. Raugh and the human resources department. Upon information and belief, no investigation into this harassment was conducted.

22.     On or about July 16, 2020, Plaintiff suffered a debilitating panic attack, a symptom of her anxiety disability. Plaintiff requested time off due to this symptom of her disability, and this time off was approved by Defendant.

23.     Despite Defendant's awareness of Plaintiff's disability-related time off, Defendant required Plaintiff to complete a task within a deadline which occurred while she was out on disability-related time off.

24.     Plaintiff was unable to complete the task while on her disability-related time off and reiterated this fact, and the symptoms of her panic attack, to Ms. Raugh, *via* electronic mail. Plaintiff further stated to Ms. Raugh that, to her knowledge, the required task was outside of Plaintiff's regular job duties.

25.     Following the aforementioned e-mail sent to Ms. Raugh, Plaintiff's employment was terminated on or about July 24, 2020.

## COUNT I
## DISCRIMINATION IN VIOLATION OF
## THE ADA AND THE PHRA

26.     Plaintiff incorporates the allegations contained in the paragraphs, above, as if fully set forth at length herein.

27.     The inquiry into whether a person is disabled under the ADA is made on a case-by case analysis. *Tice v. Centre Area Transport Authority*, 247 F.3d 506 (3rd Cir. 2001). To establish a prima facie case of discrimination under the ADA, Plaintiff must show: (1) he is a disabled person within the meaning of the ADA; (2) he is otherwise qualified to perform the essential functions of his job, with or without reasonable accommodations by the employer; and (3) he suffered an otherwise adverse employment decision as a result of discrimination. See *McGlone v. Philadelphia Gas Works*, 17-1399, 2018 WL 2193658, at *2 (3d Cir. May 14, 2018) (citing *Gaul v. Lucent Techs., Inc.*, 134 F.3d 576, 580 (3d Cir. 1998)

28.     The PHRA is modeled similarly to the ADA and shares similar burdens. The analytical framework used to evaluate a disability discrimination claim under the PHRA is effectively indistinguishable from that under the ADA, thus allowing courts to dispose of both ADA and PHRA claims on the same grounds. *Bialko v. Quaker Oats Co.*, 434 F. App'x. 139, 142 n.5 (3d Cir. 2011) (citing *Rinehimer v. Cemcolift, Inc.*, 292 F.3d 375, 382 (3d Cir. 2002) (noting

that the PHRA, in all "relevant respects," was "basically the same as the ADA" and was interpreted "in accord" with the ADA and related case law, thus meaning that "disposition of [plaintiff's] ADA claim applie[d] with equal force to his PHRA claim."

29.     Plaintiff is disabled within the meaning of the ADA and the PHRA.

30.     Plaintiff suffers from ADHD, depression and anxiety. which substantially limit Plaintiff's major life activities if she is not accommodated for them.

31.     Plaintiff is a qualified individual who successfully completed the necessary functions of her position, as an assistant property manager, for close to a year and a half.

32.     Plaintiff previously made the relevant supervisors at Defendant aware of her disabilities on or about April of 2019.

33.     Plaintiff informed Defendant of her need for accommodations due to her aforementioned disabilities.

34.     Plaintiff subsequently suffered an adverse employment decision in the form of discrimination, lack of accommodation, and eventual termination of her employment, as a result of her disabilities.

35.     This discrimination was specifically related to Plaintiff's disabilities.

36.     As a direct and proximate cause of the aforementioned conduct, Plaintiff suffered actual damages, including, but not limited to, wage loss, loss of income, and emotional distress damages, all in the past, present and future.

37.     As set forth hereinabove, Defendant's actions were intentional, knowing, wanton, willful, and so outrageous as to shock the conscience, such that the imposition of punitive damages are appropriate.

WHEREFORE, Plaintiff hereby requests this Honorable Court consider the above and grant relief in her favor. Specifically, Plaintiff requests this Court award her back pay, front pay, any other compensatory and punitive damages as calculated by the Court, pre-judgment and continuing interest as calculated by the Court, and reasonable attorney's fees.

## COUNT II
## FAILURE TO ACCOMMODATE IN
## VIOLATION OF THE ADA AND THE PHRA

38.    Plaintiff incorporates the allegations contained in the paragraphs, above, as if fully set forth at length herein.

39.    To prevail on a claim of failure to accommodate, Plaintiff must establish that "(1) the employer knew about his disability; (2) he requested accommodations or assistance for his disability; (3) the employer did not make a good faith effort to assist him in seeking accommodations; and (4) he could have been reasonably accommodated but for the employer's lack of good faith." *Tourtellotte v. Eli Lily & Co.*, 636 F.App'x 831, 849 (3d Cir. 2016) (internal citations omitted)

40.    Plaintiff made Defendant aware of her disabilities on or about April 2019 and therefore Defendant possessed knowledge of Plaintiff's disabilities.

41.    Plaintiff requested reasonable accommodations for her disabilities.

42.    Plaintiff, through her supervisor, Ms. Stine, requested the ability to obtain written filing instructions, clarification about how to operate the systems, and write down "move-in" procedures.

43.     In lieu of making reasonable accommodations for Plaintiff's disabilities, Defendant, by and through Ms. Stine, refused to allow her to obtain written filing instructions, gain clarification about how to operate the systems, and write down "move-in" procedures.

44.     Defendant ultimately terminated Plaintiff's employment after she was unable to complete a task by a set deadline. This task was outside of the duties of Plaintiff's position. Furthermore, the deadline for the task occurred while she was out of work due to a severe, debilitating panic attack, resulting from her disabilities.

45.     Therefore, Defendant failed to make a good faith effort to assist Plaintiff in seeking reasonable accommodations.

46.     Plaintiff could have been readily and reasonably accommodated by Defendant for her disabilities, however Defendant failed to provide even a modicum of good faith or a willingness to engage in the accommodations process.

47.     As a direct and proximate cause of the aforementioned conduct, Plaintiff suffered actual damages, including, but not limited to, wage loss, loss of income, and emotional distress damages, all in the past, present and future.

48.     As set forth hereinabove, Defendant's actions were intentional, knowing, wanton, willful, and so outrageous as to shock the conscience, such that the imposition of punitive damages are appropriate.

WHEREFORE, Plaintiff hereby requests this Honorable Court consider the above and grant relief in her favor. Specifically, Plaintiff requests this Court award her back pay, front pay, any other compensatory and punitive damages as calculated by the Court, pre-judgment and continuing interest as calculated by the Court, and reasonable attorney's fees.

## COUNT III
## RETALIATION IN VIOLATION

## OF THE ADA AND THE PHRA

49.    Plaintiff incorporates the allegations contained in the paragraphs, above, as if fully set forth at length herein.

50.    The ADA prohibits employers from retaliating against employees. 42 U.S.C. § 12203(a). To establish a claim for retaliation, Plaintiff must prove: "(1) a protected employee activity; (2) an adverse action by the employer either after or contemporaneous with the employee's protected activity; and (3) a causal connection between the employee's protected activity and the employer's adverse action." *Williams v. Phila. Hous. Auth. Police Dep't*, 380 F.3d 751, 759 (3d Cir. 2004); *Lackey v. Heart of Lancaster Regl. Med. Ctr.*, 704 Fed. Appx. 41, 49–50 (3d Cir. 2017).

51.    Plaintiff engaged in the protected employee activity of requesting accommodations for her disabilities in the form of written filing instructions, clarification about how to operate the systems, and write down "move-in" procedures.

52.    Plaintiff further engaged in the protected employee activity of reporting the disability-related harassment from her supervisor, Ms. Stine.

53.    Plaintiff also engaged in the protected activity of requesting a reasonable accommodation in the form of a day off due to her debilitating disability-related panic attack.

54.    Plaintiff suffered an adverse employment action following said protected activities as Plaintiff's employment was terminated.

55.    A causal connection between Plaintiff's protected activity and Defendant's adverse action exists given the temporal relation between Plaintiff's request for accommodations, report of harassment, day off due to her panic attack, and subsequent termination.

56.     When viewed in its entirety, the actions by Defendant can only be viewed as retaliatory against Plaintiff for the invocation of her rights to reasonable accommodation and for her report of disability-related harassment, under the ADA and the PHRA.

57.     As a direct and proximate cause of the aforementioned conduct, Plaintiff suffered actual damages, including, but not limited to, wage loss, loss of income, and emotional distress damages, all in the past, present and future.

58.     As set forth hereinabove, Defendant's actions were intentional, knowing, wanton, willful, and so outrageous as to shock the conscience, such that the imposition of punitive damages are appropriate.

WHEREFORE, Plaintiff hereby requests this Honorable Court consider the above and grant relief in her favor. Specifically, Plaintiff requests this Court award her back pay, front pay, any other compensatory and punitive damages as calculated by the Court, pre-judgment and continuing interest as calculated by the Court, and reasonable attorney's fees.

## COUNT VII
## HOSTILE WORK ENVIRONMENT
## IN VIOLATION OF ADA AND PHRA

59.     Plaintiff incorporates the allegations set forth in the paragraphs, above, as if fully set forth at length herein.

60.     To prove a hostile work environment claim under the ADA, an employee must show, inter alia, that her workplace was permeated with discriminatory intimidation, ridicule, and insult, sufficiently severe or pervasive to alter the conditions of her employment and create an abusive working environment. Americans with Disabilities Act of 1990 § 102 *Hair v. Fayette County of Pennsylvania*, 265 F. Supp. 3d 544 (W.D. Pa. 2017).

61.     The United States Supreme Court "has held that when the workplace is permeated with discriminatory intimidation, ridicule, and insult, that it is sufficiently severe or pervasive to alter the conditions of the victim's employment and create an abusive working environment, Title VII . . . is violated." *Washington v. Martinez*, 2004 U.S. Dist. LEXIS 4325 at *16 - *17 (E.D. Pa. 2004).

62.     Courts have held that "whether an environment is 'hostile' or 'abusive' can be determined only by looking at all of the circumstances.  These may include the frequency of the discriminatory conduct; its severity; whether it is physically threatening or humiliating, or a mere offensive utterance; and whether it unreasonably interferes with an employee's work performance." *Washington* at *17 - *18 (quoting *Harris v. Forklift Sys.,* 510 U.S. 17, 22 (1993)).

63.     Ms. Stine constantly berated, reprimanded, and harassed Plaintiff throughout the course of her employment, on the basis of Plaintiff's disabilities. This harassment included, but was not limited to, embarrassing comments about Plaintiff's disabilities.

64.     Ms. Stine asked Plaintiff if she was "mentally retarded" in front of Plaintiff's colleagues.

65.     Ms. Stine stated, also in the presence of others, that Plaintiff was a "dumba** who should be on disability benefits like the rest of the morons [residents in the building]."

66.     Ms. Stine forced Plaintiff to act as her personal assistant during a conference Plaintiff attended with Ms. Stine.

67.     Ms. Stine shared the results of Plaintiff's failed test with Plaintiff's colleagues in order to embarrass Plaintiff and further stated that Plaintiff was a "waste of company time" in front of Plaintiff's colleagues.

68.     Due to the hostile work environment, Plaintiff's disabilities were exacerbated, and Plaintiff reported the hostile work environment to Defendant on or about March 3, 2020.

69.     Upon information and belief, Defendant was aware of the hostile work environment Plaintiff endured and took no action to remedy the environment.

70.     As set forth hereinabove, the Defendant's actions were intentional, knowing, wanton, willful, and so outrageous as to shock the conscience.

WHEREFORE, Plaintiff hereby requests this Honorable Court consider the above and grant relief in her favor. Specifically, Plaintiff requests this Court award her back pay, front pay, any other compensatory and punitive damages as calculated by the Court, pre-judgment and continuing interest as calculated by the Court, and reasonable attorney's fees.

**JURY TRIAL DEMANDED.**

Respectfully submitted,

**J.P. WARD & ASSOCIATES, LLC**

Date: August 17, 2021                    By: _____
                                                        Joshua P. Ward (Pa. I.D. No. 320347)
                                                        Kyle H. Steenland (Pa. I.D. No. 327786)

                                                        J.P. Ward & Associates, LLC
                                                        The Rubicon Building
                                                        201 South Highland Avenue
                                                        Suite 201
                                                        Pittsburgh, PA 15206

                                                        Counsel for Plaintiff

12